UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00140-MR

| | |
|---|---|
| RAHYIM D. ALLAH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RONNIE L. HUNEYCUTT, et al., ) <br> ) <br> Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's recent letter directed to the Clerk. [Doc. 40].

Pro se Plaintiff Rahyim D. Allah ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On October 3, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Eighth Amendment individual capacity claims passed initial review. [Doc. 11]. The Court entered its scheduling order and the North Carolina Prisoner Legal Services (NCPLS) declined to represent the Plaintiff. [Doc. 31, 32]. The deadline to amend and join parties expired on May 10, 2023. [Doc. 31 at 1]. On April 21, 2023, the Court struck an improper letter directed to the undersigned. [Doc. 37; see Doc. 36]. The Court directed the Plaintiff to the Order of

Instructions in this case, specifically its instruction that "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Id. at 2 (citing Doc. 5 at ¶¶ 4-5)]. The Court admonished Plaintiff that, "**if he files further improper letters or other filings in this matter, they may be summarily stricken.**" [Id.]. On July 18, 2023, Plaintiff filed a motion for extension of time that the Court denied without prejudice because "Plaintiff fail[ed] to state what deadline or deadlines he wants extended or how much additional time he needs." [7/24/2023 Text Order].

Now before the Court is another improper letter filed by the Plaintiff, which he directs to the Clerk. [See Doc. 40]. In this letter, Plaintiff requests an extension "in the above matter due to having lack of access to a law library, legal services." [Id. at 1]. As grounds, Plaintiff states that, when he was transferred from Alexander Correctional Institution, "the facility did not send [his] property, legal documents, and previous paperwork [he] sent in relations to [his] case." [Id.]. Plaintiff states he "also needs extended time to ammend [his] case same as the Judge authorized the defendants an extension of time." [Id.]. Plaintiff asks for an extension of 90 days "or what ever the courts allow to also send [him] all documents up to new pertaining

to [his] case."[1] [Id. (errors uncorrected)].

The Court will again strike Plaintiff's improper letter. As Plaintiff has been repeatedly instructed, letters should not be directed to the Clerk or the undersigned. Only motions will be ruled on by the Court. Moreover, the Clerk has no authority to grant an extension in any event. Also, Plaintiff only vaguely states that needs more time "to ammend [his] case same as the Judge authorized the defendants." The deadline to amend the Complaint expired over three months ago and the Court has not granted the Defendants any extensions in this case. [See 1/17/2023 Text Order]. To the extent Plaintiff is requesting that the Court send him copies of all his filings in this case, this request would be denied even if Plaintiff had properly moved the Court for these copies. A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). The Court is not a copying service. If Plaintiff needs copies of documents filed in the docket in this matter, he may pay for the copies he seeks at the standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

---

[1] The Clerk mailed Plaintiff a copy of the docket sheet and Order of Instructions in this matter after docketing the pending motion. [See 8/11/2023 (Court Only) Docket Entry].

**Plaintiff is admonished that if he files further improper letters or other filings in this matter, they will be summarily stricken.**

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's letter [Doc. 40] is hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: August 14, 2023

Martin Reidinger
Chief United States District Judge