UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00140-MR

| | |
|---|---|
| RAHYIM D. ALLAH,<br><br>     Plaintiff,<br> v.<br><br>RONNIE L. HUNEYCUTT, *et al.*,<br><br>     Defendants. | **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER** |

NOW COME Defendants Huneycutt, Bates, and Gamewell (hereinafter, "Defendants"), by and through their respective counsel, and submits this Memorandum in Support of their Joint Motion for Protective Order. In summary, Plaintiff's requests for admissions were served after the discovery deadline, and Defendants should not be forced to answer the untimely discovery. Therefore, Defendants respectfully request a protective order be entered excusing Defendants from responding to Plaintiff's untimely requests for admissions.

    I.  <u>STATEMENT OF CASE AND FACTS</u>

On October 3, 2022, Plaintiff filed his *pro se* Complaint against Defendants, alleging violations of his constitutional rights. DE-1. On November 15, 2022, the Court filed its frivolity order, allowing Plaintiff to proceed with a medical deliberate indifference claim

against Defendants in their individual capacities. DE-11. On March 14, 2023 and March 20, 2023, Defendants filed their respective Answers. DE-27; DE-29; DE-30.

On March 28, 2023, the Court files its Pretrial Order and Case Management Plan, which required that discovery be completed by July 19, 2023. DE-31. On April 3, 2023, NCPLS filed their Notice of Non-Representation, noting that they would not represent Plaintiff during discovery. DE-32.

On June 16, 2023, Defendant Bates' served a Request for Production of Documents and Request for Admissions to Defendant Huneycutt. *See* **Exhibit 1**. Defendant Huneycutt responded to Defendant Bates' discovery requests. *See* **Exhibit 2**.

On July 12, 2023 (seven days before the close of discovery), Plaintiff served Requests for Admissions to Defendants (hereinafter "Plaintiff's Discovery Requests"), but they were not received until approximately July 27, 2023[1]. *See* **Exhibit 3.**

## II. LEGAL ARGUMENT

Pursuant to Rule 26(c)(1), a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding the disclosure or discovery [and]…forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

---

[1] Defendant Huneycutt never received the Requests for Admissions, but through conversations with co-defendants counsel, counsel for Defendant Huneycutt learned of these discovery requests and joins in this Motion for Protective Order.

2

The Federal Rules of Civil Procedure allow a party 30 days to respond to requests for admissions. Fed. R. Civ. P. 36(a)(3). The Court's Pretrial Order and Case Management Plan stated that "[a]ll discovery…shall be completed not later than July 19, 2023." DE-31 at 4. It also stated that "[t]he parties are directed to initiate discovery requests…sufficiently in advance of the discovery complete deadline so as to comply with this Order. Discovery requests that seek responses…after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." DE-31 at 5.

Similarly, other courts have found that discovery may be barred as untimely if it does not allow for a response before the deadline, and the court may properly grant a protective order excusing the receiving party's response. *See, e.g., Hartz and Co., Inc. v. Prod. Control Info*. (PCI) Ltd., 1995 WL 6784'84, at *5 (4th Cir. Nov. 15, 1995); *Metro. Life Ins. Co. v. Molina*, 2014 WL 4384042 (E.D.N.C. 2014) (citing *White v. Caterpillar Logistics Inc.*, 2014 WL 4384042, at *1 (E.D.N.C. Sept. 3, 2014)); *Jefferson v. Biogen IDEC Inc.* 2012 WL 1150415, at.*l-2 (E.D.N.C. Apr. 5, 2012); *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, No. 6:07-CV-1051, 2008 U.S. Dist. LEXIS 108363, 2008 WL 4186989, at *1-2 (M.D. Fla. Sept. 8, 2008).

In this case, the discovery period closed on July 19, 2023. However, on July 12, 2023 (only seven days prior to the close of the discovery deadline), Plaintiff's Discovery Requests were served – not allowing Defendants sufficient time to respond to Plaintiff's

3

Discovery Requests. Accordingly, Plaintiff' Discovery Requests are untimely and Defendants should be excused from responding to them.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Protective Order should be granted and they should be excused from responding to Plaintiff's Requests for Admissions.

Respectfully submitted this the 17th day of August, 2023.

| | |
|---|---|
| JOSHUA H. STEIN<br>Attorney General | Hall Booth Smith, PC |
| /s/ Alex R. Williams<br>Alex R. Williams (N.C.S.B. No. 41679)<br>Special Deputy Attorney General<br>N.C. Department of Justice<br>Public Safety Section<br>P.O. Box 629<br>Raleigh, North Carolina 27699-9001<br>Telephone: 919-716-6528<br>Facsimile: 919-716-6761<br>awilliams@ncdoj.gov<br>*Attorney for Defendant Huneycutt* | /s/ Jacquelyn Nicole Miner<br>Adam Peoples<br>apeoples@hallboothsmith.com<br>Jacquelyn N. Miner<br>jminer@hallboothsmith.com<br>Hall Booth Smith, PC<br>72 Patton Avenue<br>Asheville, NC 28801<br>Telephone: 828-417-6506<br>*Attorney for Defendant Bates* |

Batten Lee, PLLC

/s/ Jennifer D. Maldonado
Jennifer D. Maldonado
Batten Lee, PLLC
4141 Parklake Ave., Suite 250
Raleigh, NC 27612
Telephone: 919-459-4186
jmaldonado@battenlee.com
*Attorney for Defendant Gamewell*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by depositing a copy in the U.S. Mail, postage prepaid, addressed as follows:

> Rahyim D. Allah
> OPUS No. 0152023
> Central Prison
> 1300 Western Blvd.
> Raleigh, NC 27606
> *Pro Se Plaintiff*

This the 17th day of August, 2023.

/s/ Alex R. Williams
Alex R. Williams
Special Deputy Attorney General