# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:22-cv-00140-MR

| | |
|---|---|
| **RAHYIM D. ALLAH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **ORDER** |
| | ) |
| **RONNIE L. HUNEYCUTT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion Request to Have Case Removed from Courts without Prejudice," [Doc. 71], which the Court construes as a motion for voluntary dismissal; Defendants' Motions for Summary Judgment [Docs. 47, 57, 61]; and Defendants' Motions to Seal [Docs. 55, 60, 63].

Pro se Plaintiff Rahyim D. Allah ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On October 3, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Eighth Amendment deliberate indifference individual capacity claims against Defendants Ronnie L. Honeycutt, Richard D. Bates, and Marilyn Gamewell passed initial review. [Doc. 11]. Defendants have all moved for summary judgment [Docs. 47, 57,

61], and, on November 16, 2023, the Court issued a <u>Roseboro</u> Order advising Plaintiff of his rights and duties in responding to Defendants' motions. [Doc. 68]. Plaintiff timely responded to Defendants' motions [Doc. 69] and the matter is now ripe for disposition.

Plaintiff, however, now moves the Court to dismiss his Complaint without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [<u>See</u> Doc. 71]. Plaintiff asks the Court to remove this case "from the docket … without prejudice … as it would be unfair and unjust [for a Plaintiff to] proceed with a case without proper assistance." [<u>Id.</u> at 1]. Plaintiff describes being "dropped in the middle of the case" by a North Carolina Prisoner Legal Services (NCPLS) paralegal, difficulties he has encountered with his mail and the use of TextBehind, confiscated legal documents as a result of "unjustifiable" cell searches and transfer to a different prison, placement in segregation "to cover unprofessional tactics to deny access to the courts," and recent placement in "Mental Health Segregation" where he can possess only "bare minimal items" in his cell. [<u>Id.</u> at 1-3]. Plaintiff states that he has been denied "competent access to the courts." [<u>Id.</u> at 3]. The Court will grant Plaintiff's motion to dismiss without prejudice under these circumstances. Fed. R. Civ. P. 41(a)(2). The Court will, therefore, deny Defendants' pending motions for summary judgment as moot.

Defendants also moved to seal certain documents that they filed in support of their motions for summary judgment. [Docs. 55, 60, 63]. These documents include Plaintiff's medical records; documents containing information regarding Plaintiff's medical condition not alleged in Plaintiff's Complaint; and other documents consisting of and/or referencing confidential information as defined in the Protective Order [Doc. 33] entered in this case. [See id.]. Defendants filed these documents under seal. [See Docs. 49, 52, 54, 59, 62].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motions. The most recent motion to seal was filed on August 29, 2023, and they have all been accessible through the Court's electronic case filing system since that time. Moreover, the public's right of access to Plaintiff's medical record, medical information, and the other confidential information is substantially outweighed by the competing

interests in protecting the details of such information. Having considered less drastic alternatives to sealing these particular documents, the Court concludes that sealing these records is necessary to protect the relevant privacy interests. As such, the Court will grant Defendants' motions to seal and order that the aforementioned documents remain under seal.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to voluntarily dismiss his Complaint [Doc. 71] is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motions to Seal [Docs. 55, 60, 63] are **GRANTED** and the documents Defendants filed under seal at Docket Nos. 49, 52, 54, 59, 62 shall **REMAIN** sealed.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment [Docs. 47, 57, 61] are **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 19, 2023

Martin Reidinger
Chief United States District Judge

4